186 So. 183

## HUSTON v. STATE.

### 6 Div. 351.

Court of Appeals of Alabama.

Jan. 24, 1939.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Edw. B. Crossland and Keener Baxley, Asst. Attys. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant with the offense of robbery. Specifically, that he feloniously took five dollars and two cents, of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury otherwise unknown, the personal property of Roy Dyer, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, etc.

The trial in the lower court appears, from the record, to have been regular in all things, and a verdict of "guilty of robbery as charged in the indictment" was returned by the jury who tried the case. The jury, as the law requires, fixed his punishment at imprisonment in the penitentiary, his term of imprisonment was placed at twenty years. From the judgment of conviction this appeal was taken.

The record discloses that at the time, and upon the same occasion, when the of-

---

[1] Ante, p. 38.

fense complained of in the indictment in this case was alleged to have been committed, the State contended that this same appellant committed also another robbery upon one Ted Martin; for which alleged offense, he was also indicted by the same grand jury. The defendant, by consent of parties, was tried by one jury, on both of said indictments, and the jury in the latter case fixed the punishment at thirty years imprisonment in the penitentiary. The appeal in said case, under the Statute, Code 1923, § 3236, was taken to the Supreme Court.

As stated there was but one trial, the parties consenting thereto, and the jury returned separate verdicts in each case under proper instructions of the court.

The case appealed to the Supreme Court, supra, has been heard and determined by that court and on January 12, 1939, the decision was handed down in which the judgment of conviction in the lower court, from which said appeal was taken, was affirmed.

The evidence in the two cases .was the same, as were the points of decision relied upon for a reversal. All this having been considered and determined by the Supreme Court renders unnecessary further discussion by this court in this case. The decisions of the Supreme Court govern the holdings and decisions of this court. Section 7318, Code 1923. It follows, therefore, that the judgment of conviction of the lower court, from which this appeal was taken, must be affirmed upon authority of the case of Dave Huston v. State, 237 Ala. 222, 186 So. 182.

Affirmed.